BLANCHE H. MILLER v. RAYMOND F. MILLER.

184 So. 672.
Opinion Filed October 31, 1938.
Rehearing Denied December 12, 1938.

*John R. Parkinson,* for Appellant;

*Horace D. Riegle, D. C. Hull* and *Hull, Landis & White-hair,* for Appellee.

PER CURIAM.—On May 22, 1936, a decree of divorce was granted to the appellant wife in this appeal. No alimony was asked for and none was allowed in the final divorce decree. On November 20, 1936, the divorced wife filed in the cause a petition for leave to file a petition in the nature of a bill in the nature of a bill of review, in which she alleges various grounds upon which she prays that "said final decree * * * may be set aside and annulled in so far as it does not award her any sum for permanent alimony," etc.

The court denied the petition, and on November 21, 1936, an appeal was taken from the final decree and from the order denying the petition.

The "petition in the nature of a bill in the nature of a bill of review" contains allegations to the effect that shortly prior to the institution of said divorce suit, May 1, 1936, the defendant, Raymond F. Miller, offered petitioner $6,-000.00 in full settlement of her interest in his property and in full payment of all alimony and support money to which petitioner was entitled:

"That because of the nervous and physical condition of your petitioner and the inhuman treatment of your petitioner by said Raymond F. Miller, as hereinabove set forth, your petitioner was forced to accept said offer of Six Thousand Dollars ($6,000.00) because it was humanly impossible for her in her then condition of health, to continue to live in such unbearable surroundings and to be treated as aforesaid, but said offer was grossly unjust for reasons hereinafter set forth and said offer was not accepted by your petitioner freely and voluntarily but was accepted under duress and in order to secure escape from the intolerable conditions hereinabove set forth and was accepted when your petitioner was in such a mental and physical condition that it was impossible for your petitioner to make an intelligent decision in this connection.

"That at the time said offer was made to your petitioner by said Raymond F. Miller, and for some time continuously prior thereto, the said Raymond F. Miller knew of the condition of your petitioner's health and your petitioner alleges upon information and belief that said Raymond F. Miller intentionally quarrelled with your petitioner and abused her for the purpose of inducing her to seek a divorce and taking advantage of her mental and physical condition in order to

avoid payment of adequate alimony and by reason of the matters and things aforesaid your petitioner says that the said conduct of said Raymond F. Miller was fraudulent and done for the purpose of fraudulently forcing your petitioner to accept a grossly inadequate sum in order to have peace and rest, and thus in reality forcing your petitioner to secure a divorce decree in favor of said Raymond F. Miller.

" * * * that no reference to alimony or support of your petitioner was made in said divorce suit, either in the Bill of Complaint, the testimony, the Final Decree or otherwise; that immediately upon or shortly after the recording of said Final Decree, said Raymond F. Miller gave to your petitioner said sum of Six Thousand Dollars ($6,000.00).

"That said Raymond F. Miller was at and prior to the institution of said divorce suit and continuously since that time has been and now is the owner of a large amount of real and personal property and that said Raymond F. Miller was prior to the institution of said suit and continuously since that time has been and now is worth approximately the sum of Seventy-five Thousand Dollars ($75,000.00) and at all times immediately hereinabove mentioned has been and now is receiving a large income by way of rents, interest and otherwise; * * * that your petitioner alleges upon information and belief that said Raymond F. Miller is now receiving and at all times since prior to the first day of April, A. D. 1936, has been continuously receiving a net income of approximately seven or eight thousand dollars per year; that during the time your petitioner lived with said Raymond F. Miller, as aforesaid, she, in addition to performing her marital duties, contributed certain services to said Raymond F. Miller and took care of the apartment houses from which a large portion of his income is derived as aforesaid, and by virtue thereof your petitioner had an interest in the property of said Raymond F. Miller which should have been

set aside to her in said divorce proceedings in addition to alimony and support money."

"That stated properties in Florida and Ohio were inherited by said Raymond F. Miller' from his father, who died in the year A. D. 1926; that for many years prior to the death of the father of said Raymond F. Miller your petitioner gratuitously assisted the said father of the said Raymond F. Miller in the operation of said apartments and after the death of the said father of the said Raymond F. Miller continuously up until to-wit, the month of August A. D. 1935, your petitioner looked after the renting of said apartment houses owned by the said Raymond F. Miller in the City of Daytona Beach, Florida, and in or near Marietta, Ohio; that in the year A. D. 1934, your petitioner went north at the request of said Raymond F. Miller and collected the rents from the houses and farm owned by the said Raymond F. Miller in or near Marietta, Ohio, and supervised the work of having the buildings painted and repaired; and that in spite of the sickness and ill health of your petitioner as herein set forth the work of renting the apartments of the said Raymond F. Miller and collecting the rents and supervising said apartments was done by your petitioner during the times aforesaid and aided only occasionally by the said Raymond F. Miller; and that through the efforts and work of your petitioner the renting and operating of said apartments was built up into a lucrative and flourishing business and as a result thereof produced for the said Raymond F. Miller a large annual income out of which said Raymond F. Miller reinvested substantial sums in said buildings in improvements and furnishings.

"That because of the matters and things set forth in this petition your petitioner says that said sum of Six Thousand Dollars ($6,000.00) given by said Raymond F. Miller to your petitioner as aforesaid was grossly unjust and was not

a fair and equitable allowance for alimony, suit money and the interest of your petitioner in the property of said Raymond F. Miller; that your petitioner should have received approximately Twenty-five Thousand Dollars ($25,000.00) as her interest in the property of said Raymond F. Miller and as alimony and support money, if an allowance was made in gross, or should have received periodical payments of at least Two Hundred Dollars ($200.00) per month during the term of your petitioner's life or until she might remarry.

"That your petitioner is approximately forty-seven (47) years old and that she is still in a highly nervous and weakened condition and has no property of her own, except what remains of said Six Thousand Dollars ($6,000.00) and that she has not been physically able to work and that it is impossible for her to live a normal expectancy of life on said sum of six thousand dollars ($6,000.00) or such portion thereof as she has left."

The prayer of the petitioner is as follows:

"That said Final Decree recorded in Chancery Order Book 70 at page.181 as aforesaid may be set aside and annulled insofar as it does not award to your petitioner any sum for permanent alimony, support and the interest of your petitioner in the property of said Raymond F. Miller, or in its entirety if the Court should feel that it is impossible to set aside only a portion of said decree.

"That an order may be entered herein allowing the pleadings herein to be recast so that testimony may be taken as to what should be a reasonable sum for permanent alimony, support and allowance to your petitioner for her interest in the property of said Raymond F. Miller, and allowing such testimony to be taken, and that upon the recasting of said pleadings and the taking of said testimony and upon the final hearing of said matters * * * a final order or decree

may be entered herein awarding to your petitioner such sums as may be just for permanent alimony, support money and allowance to your petitioner for the interest of your petitioner in the property of said Raymond F. Miller.

"That your petitioner may have such other and further relief as may be necessary or proper in the premises."

A physician's affidavit annexed as an exhibit to the petition states:

"I have treated her (Mrs. Miller) from time to time since that date for nervous troubles and anemia. In 1928, she had a severe case of Neurosis and anemia and also in 1930; and in 1935, she developed a severe case of neurosis and anemia and I sent her to North Carolina for rest and a higher altitude. In April and May of this year, 1936, Mrs. Miller again came to me for professional services and she was at that time in a nervous and weakened physical condition.

"I might say that a patient in the nervous state that Mrs. Miller was in during the months of April and May, 1936, would do things and enter into agreements that would be detrimental to herself financially and otherwise in order to relieve her troubled mind. In other words, in such a neurotic state or state of neurosis, she might do things that weren't to her benefit in order to relieve her mental feelings."

In the petition in the nature of a bill of review it is in effect alleged and not as yet denied that just after the divorce decree was rendered the divorced wife was forced to accept from the husband, not freely and voluntarily but under duress, six thousand dollars in full settlement of her alimony and support and other rights in the husband's property; that the divorced wife is forty-seven years of age, in poor health, and without means of support except what is

left of the $6,000.00 received from the husband; and that the husband has productive property of perhaps $75,000.00 in value and an annual net income therefrom of seven or eight thousand dollars. The petition was filed within six months after the final decree of divorce was rendered.

In view of the liberality of the law relative to alimony and the rights a married woman may have in property of her husband when she assists in its acquisition or conservation, in addition to her usual marital duties and obligations, which should be considered in granting divorces, when the wife is not shown to be unworthy, the application to file the petition should have been granted so that appropriate proceedings may be had thereon, to the end that right and justice shall be administered by due course of law. Sec. 4, Decl. Rts. Fla. constitution.

REVERSED AND REMANDED FOR APPROPRIATE PROCEEDINGS.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.