**MARY A. KEARLEY and JNO. H. MOORE, JR.,** as Administrators of the Estate of Seward C. Kearley, deceased, v. **CAROLINE KEARLEY HUNTER,** by J. D. Hunter, her husband and next friend.

16 So. (2nd) 728                 January Term, 1944
February 18, 1944                     En Banc
Rehearing Denied March 8, 1944

*Howell, McCarthy, Lane & Howell,* and *Edward McCarthy, Jr.,* for petitioner.

*Manley P. Caldwell,* and *Marshall B. Wood,* for respondent.

CHAPMAN, J.:

On September 13, 1940, in the suit of Caroline Kearley against Seward C. Kearley, a decree of divorce was entered by the Circuit Court of Broward County, Florida. Seward C. Kearley, in lieu of alimony, about the time of the entry of said final decree, gave Caroline Kearley, his wife, the sum

of $10,000.00 cash and a deed to designated real property occupied by parties as a home and the house furnishings therein. After the entry of the divorce decree, both parties remarried and Seward C. Kearley died on January 25, 1942, and letters of administration issued on his estate by the County Judge of Palm Beach County, Florida.

Two years and three months after the entry of the divorce decree, Caroline Kearley Hunter, joined by J. D. Hunter, her second husband, brought their original bill in the nature of a bill of review in the Circuit Court of Palm Beach County, Florida, against Mary A. Kearley, widow of Seward C. Kearley, and a legal representative of the estate of Seward C. Kearley, deceased. The prayer of the original bill in the nature of a bill of review is to annul, cancel and set aside that part of the final decree dated September 13, 1940, providing for a property settlement in lieu of alimony on the ground that the decree failed to award to the plaintiff (Caroline Kearley Hunter) sufficient sums in payment of alimony, suit money and other rights of the plaintiff in the property of her former husband (then deceased); and that as a matter of law she should be awarded an amount equivalent to dower out of the estate of her deceased husband, although she had remarried.

Caroline Kearley Hunter, in her bill, alleged in part, that Seward C. Kearley, prior to the entry of the divorce in September, 1940, denied her the advice of independent counsel when negotiating the terms of a property settlement acceptable in lieu of alimony; that Seward C. Kearley (now deceased) failed to make to her an honest disclosure as to his true and proper worth and holdings in property and otherwise, but on the contrary feigned that he would encounter financial difficulties in meeting the settlement by him offered and by her accepted; that she was thereby deceived and misled at the time as to her former husband's financial worth; that in truth and in fact at the time she accepted the property settlement in lieu of alimony and when the divorce decree was entered, her former husband's financial worth was in excess of $100,000.00, and in addition thereto he had a large annual income from a lucrative law practice.

It was further alleged that the property settlement between the plaintiff and her former husband was not freely and voluntarily entered into with a full knowledge of all the facts and circumstances, but was the result of misrepresentation, duress, and overreaching on the part of the former husband. She alleged that out of her former husband's estate she should be awarded the equivalent of dower in fee simple, free and clear of all debts, and that credits for money and property received under the terms of the property settlement should be charged against the equivalent of the dower claim.

On motion to dismiss by Mary A. Kearley, widow of the deceased, and the legal representative of the Kearley Estate, it was contended (1) that the bill of complaint was without equity; (2) that the bill of complaint on its face shows that the plaintiff was not entitled to dower in her former husband's estate; (3) the facts alleged are legally insufficient to support a decree for the plaintiff; (4) that it is apparent from the alleged facts that it is impossible for a court to restore the parties to their original position or status. The motion to dismiss was denied and by petition for an interlocutory writ of certiorari it is here contended that the order was erroneous and should be quashed.

Counsel for petitioners contend that involved in this controversy for adjudication is the question viz: Where a woman obtains a divorce, marries another man, and the former husband dies, she having accepted from the former husband $10,000.00 in cash and his home and its furnishings, the divorce decree reciting that these are accepted by her "in lieu of alimony and suit money," may she, two years and three months after the entry of such divorce decree, maintain a bill of review against the administrators of her former husband to re-open and litigate the question of alimony, upon the ground of alleged fraudulent concealment by the former husband of his financial condition? While counsel for respondents is of the view that the sole question presented here is: Does the bill of complaint contain equity?

The legal sufficiency of the allegations appearing in an original bill in the nature of a bill of review, having as its

objective the annulment and cancellation of a divorce decree and the entry of a subsequent decree granting to the wife an increased allowance as a property settlement in lieu of alimony because of fraud, deceit, artifice or trickery practiced on the part of the husband as against the wife in obtaining an alleged inequitable property settlement, was before this Court in Miller v. Miller, 134 Fla. 725, 184 So. 672. The husband obtained a property settlement with his wife in lieu of alimony for the sum of $6,000.00. She accepted the settlement, and on May 22, 1936, obtained from her husband a divorce decree. On November 20, 1936, she filed her suit to annul and cancel the divorce decree and prayed for a decree awarding her permanent alimony on the theory that she was forced to accept the sum of $6000.00 in full settlement of her claim for alimony. It was alleged that the wife was 47 years of age, in poor health, without means of support, and that her husband owned property of the approximate value of $75,000.00 and had an annual net income therefrom of $7,000.00 or $8,000.00. We sustained the legal sufficiency of the bill and on remand an answer was filed and testimony taken, and the case came here for the second time. See Miller v. Miller, 149 Fla. 722, 7 (2nd) 9. On the second appeal *supra* we, in part, said (text 149 Fla. 726) :

"Courts of equity have the power and jurisdiction to grant relief and set aside and annul judgments and decrees obtained by fraud, deceit, artifice or trickery. See Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893. The burden of proof under the law was on the plaintiff, Blanche H. Miller, to establish by competent evidence fraud, deceit, duress, coercion or overreaching on the part of Raymond F. Miller when obtaining an alimony settlement with her. Agreements made in good faith, free from fraud, deceit or trickery relating to alimony between husband and wife, or the adjustment of their property rights, though made in contemplation of divorce, can or may be sustained or upheld by the courts. See Gallemore v. Gallemore, 94 Fla. 516, 114 So. 371; Mooty v. Mooty, 131 Fla. 151, 179 So. 155; Norton v. Norton, 131 Fla. 219, 179 So. 414; Rice v. Rice, 148 Fla. 620, 4 So. (2nd) 850."

The crux of the controversy here presented is whether or not the facts as alleged in the challenged bill are legally sufficient to bring the cause within the rule enunciated by this Court in its former ruling in Miller v Miller, *supra*. The learned chancellor below denied the motion to dismiss, thereby holding that the bill contained equity, and that the defendants below should answer the bill. Admittedly a very close question is presented for adjudication, but distinguishable points are apparent.

In the case at bar the plaintiff delayed suit for two years and three months after the entry of the challenged divorce decree. The plaintiff during this period had remarried, as well as her former husband. During the two and a quarter years death intervened and took her former husband, and the parties defendant are the legal representatives of his estate and his widow. She comes into a court of equity seeking alimony in the form of a property settlement to be awarded from the estate of a former deceased husband. Her bill fails to allege the financial ability of her second husband to support and provide for her. She relies upon duress and fraudulent concealment of the financial worth of the former husband at the time she reached terms with him as to a property settlement. Two years and three months prior to the filing of this suit she accepted $10,000.00 in cash, a deed to a home and furnishings from the former husband, but she fails to allege the value of the latter. She does state, however, that the true financial worth of her husband at the time was approximately $100,000.00 and that he had a large annual income from a lucrative law practice. She does not offer to do equity by returning the property received under the terms of the settlement with her former deceased husband, but elects to retain it and contends that a court of equity should ascertain the value thereof and the amount should be charged against the equivalent of her dower claim to the estate of her former husband. It is apparent on the face of the bill that it is beyond the power of a court of equity to restore the parties to their original position or status, which inferentially, is hereby conceded. If Caroline Kearley Hunter had been diligent in presenting for adjudication the alleged charges of

fraud, deceit, artifice or trickery practiced on her by her husband about the time of the rendition of the divorce decree, or prior to the death of her husband, or at a time before the rights of others intervened, as was done in Miller v. Miller, *supra,* then she would have been heard by a court of equity.

It is our conclusion that the facts alleged in the challenged bill of complaint are legally insufficient to bring her claims within the rule enunciated by this Court in Miller v. Miller, and, accordingly, the petition for an interlocutory writ of certiorari is granted and the order denying the motion to dismiss is hereby quashed. The cause is remanded, with directions to dismiss the bill of complaint. It is so ordered.

BUFORD, C. J., BROWN, ADAMS and SEBRING, JJ., concur.

TERRELL and THOMAS, JJ., agree to conclusion.

TERRELL, J.:

I agree to conclusion because the bill shows laches on its face.

THOMAS, J. concurs.