LENA MASILOTTI, a widow, v. HUGO MASILOTTI, individually and as Executor of the Last Will and Testament of ANGELO MASILOTTI, deceased; OLGA R. PAGLIUCHI; and CUMBERLAND CLEANING COMPANY, a New Jersey Corporation.

29 So. (2nd) 872
March 28, 1947
Rehearing Denied April 29, 1947

January Term, 1947
Special Division A

W. F. Parker, for appellant.

Patton & Kanner and Mallory H. Horton, for appellees.

SMITH, Associate Justice:

This appeal brings up for review an order dismissing bill in the nature of a bill of review as amended.

Counsel for the respective parties agree that the only substantial question is whether the bill in the nature of a bill of review as amended "contains equity." The bill as amended seeks to set aside a decree of divorce previously entered and, very briefly stated (a) it alleges the constructive service in that suit is invalid; (b) alleges that the proceeding constituted a fraud upon the plaintiff and the court; (c) that a property agreement entered into between the parties prior to the divorce decree sought to be set aside was obtained through fraud and deceit and should, therefore, be set aside.

As to the matter of service in the divorce proceeding, it must be held valid, on the authority of:

"Eckersley v. Eckersley, 157 Fla. 722, 26 So. 2d 811; Mabson v. Mabson, 104 Fla. 162, 140 So. 801."

In connection with the charge that the proceeding constituted a fraud upon plaintiff (appellant here) and the court, we note that one of the grounds of the motion to dismiss the bill as amended before the Chancellor was:

"That if fraud were in truth and fact practiced, the plaintiff, by the allegations and facts contained in her bill of complaint, disclosed that she has acquiesced in such fraud, was a party thereto, and does not come into a court of equity with clean hands."

It is abundantly clear that she had notice of the suit long prior to its conclusion and, in fact, states in her bill of complaint that she believed "that the decree against her would follow as a matter of course in the absence of opposition by her."

In the case of Matsis v. Matsis, 155 Fla. 786, 21 So. 2d 545, it was said:

"Where a wife intentionally refrained from contesting issues in a divorce suit of which she had due notice and an opportunity to be heard, the wife could not question the final decree by a bill in the nature of a bill of review . . ."

With reference to the charge of "fraud, deceit, duress, or overreaching" in the matter of the property settlement, the gist of the allegations in this regard may be summarized as follows:

The plaintiff below, appellant here, states in her bill that her husband, Angelo Masilotti, now deceased, obtained a decree of divore prior to the proceeding here in question, which was set aside (Masilotti v. Masilotti, 150 Fla. 86, 7 So. 2d 132) and that thereafter marital relations were resumed; and on or about June, 1945, difficulties again arose, and a separation occured and, pending a new divorce proceeding, which was instituted June 30, 1945, the parties entered into a property settlement and agreement dated August 17, 1945, which she now seeks to set aside because her then husband . . . "represented and caused to be represented to her that if she resisted his divorce action and refused to enter into a property settlement with him, on his terms, he would utterly abandon her and leave for parts unknown, in which event she would be left without means of support and both she and her husband . . . would be denied all participation in the assets jointly accumulated by him and her during their married life, as he had prior thereto placed the bulk of his holdings in the name of a third party, where they would remain well out of reach of her and the said children . . ." That "she is unversed in matters of law and business—enjoys the benefit of very little education . . ."

She believed that her husband "was in earnest and that he would actually carry out his threat of abandonment;" that

an attorney, Adolph Stern, of Vineland, New Jersey, represented Angelo Masilotti and called her to his office, where he reiterated the statements and inducements made by her then husband; and that if he (the husband) actually paid her $17,500.00 that "it would leave him practically bankrupt and without funds;" that, as disclosed by the probate proceeding in her late husband's estate, the estate is actually worth $94,000.00; that she did not know this and had no means of knowing it until after his death.

The bill further alleged that she assisted in the acquisition of the property of the estate contributed 50% to its acquisition and was to have had 50%, but it was never deeded over to her; that the bulk of the estate is the result of the operation of the Cumberland Cleaning Company, a corporation of Vineland, New Jersey.

The agreement is made a part of the bill of complaint and discloses that it was negotiated and entered into after the commencement of the suit and its consummation; that is, the delivery of the money, etc., occurred August 29, 1945, after the entry of final decree, August 24, 1945; that it was an escrow agreement in a bank of Vineland, New Jersey, and that it recites in three different places that one M. Joseph Greenblatt acted as attorney for Mrs. Masilotti, the appellant here.

The rules of law here involved were re-stated by Mr. Justice CHAPMAN, in Kearley v. Hunter, 154 Fla. 81, 16 So. 2d 728, as follows:

"Courts of equity have the power and jurisdiction to grant relief and set aside and annul judgments and decrees obtained by fraud, deceit, artifice or trickery.

"The burden of proof under the law was on the plaintiff . . . to establish by competent evidence of fraud, deceit, duress, coercion or over-reaching on the part of (defendant) in obtaining an alimony settlement with her.

"Agreements made in good faith, free from fraud, deceit or trickery relating to alimony between husband and wife or the adjustment of their property rights, though made in contemplation of divorce, can or may be sustained or upheld by the courts."

The burden was on the plaintiff, appellant in this case, to make fraud appear by her bill as amended.

It is difficult to see how if, as she alleged, she contributed to and helped build the business constituting the main asset of the estate, she could be totally ignorant of its value. It is difficult to see also how, in view of her handling of the first divorce proceeding, her assertions as to contributing to the business, and the time involved in the negotiations, and the ultimate contract entered into, she would be easily deceived. Construing the pleading against the pleader, we must conclude also that in the matter of the agreement she was represented by counsel.

It will be noted that this proceeding was instituted long after the date of the agreement, July 17, 1945, and after the death of the other contracting party.

We find no error. The order of the Chancellor is affirmed.

THOMAS, C.J., TERRELL and CHAPMAN, JJ., concur.