115 So.2d 451 (1959)
William Felix GRAVES, Appellant,
v.
Ellen Orr GRAVES, Appellee.
No. 59-494.
District Court of Appeal of Florida. Third District.
November 5, 1959.
Rehearing Denied November 23, 1959.
Michael Shores and N.J. Durant, Miami, for appellant.
Joseph Pardo, Miami, for appellee.
LOPEZ, AQUILINO, Jr., Associate Judge.
Ellen Orr Graves was awarded a final decree of divorce from William Felix Graves on May 2, 1958. The decree, among other things, provided for $500 a month alimony to the plaintiff, Ellen Orr Graves, *452 and she was given custody of the five minor children and support for them of $500 a month. The decree further provided that the defendant, William Felix Graves, should pay reasonable medical expenses of said children and provide and furnish the expenses of their higher education upon graduation from high school or preparatory school and that he was to convey to the plaintiff in fee the home premises located at 5970 Alton Road, Miami Beach, Florida.
On September 12, 1958, pursuant to stipulation of the parties, the divorce decree was modified to effectuate Mrs. Graves' agreement to accept a conveyance of the "Graves Apartments" in lieu of the $500 a month alimony. The said decree, among other things, provided as follows: "* * * The Plaintiff, Ellen Orr Graves, agrees to accept in lieu of $500.00 a month alimony decreed to be paid to her by the Defendant, William Felix Graves, in the Final Decree entered herein on May 2, 1958, to accept from the Defendant, William Felix Graves, a good and sufficient Warranty Deed conveying to Plaintiff the apartment property known as the `Graves Apartments'." The decree also approved her agreement to place a mortgage not to exceed $15,000.00 on the said apartments out of which she was to pay $5,000.00 to the defendant in payment of a note she was executing and delivering to him to cover certain outstanding indebtedness incurred by plaintiff and advances made by defendant to plaintiff.
On January 13, 1959, Mrs. Graves after having owned the "Graves Apartments" approximately four months, petitioned the court for authority to put a $30,000 mortgage on the said apartments in order to pay for various personal expenses.
On July 7, 1959, Mrs. Graves again petitioned the court for modification of the final decree of divorce alleging that she had relinquished her alimony of $500 a month in consideration of the conveyance to her of the "Graves Apartments" but that she did so upon Dr. Graves' misrepresentation as to the income from said apartments and that she needed $1,200 a month to support the five children.
Testimony was taken on July 14, 1959 and thereafter on August 1, 1959, the chancellor entered the order from which this appeal was taken. In the said order, the chancellor required Dr. Graves to pay to Mrs. Graves the sum of $1,000 a month in equal monthly installments commencing August, 1959, until further order of the court and enjoined Mrs. Graves from selling the home which had been awarded to her and provided that Dr. Graves should make payments due on the mortgage for which payments he was given a lien on said property which sums would have to be paid to him on sale of the property by her. The chancellor also ordered the defendant to pay attorney's fees and court costs.
Appellant contends that the petition for modification, although appearing to seek increased support for the minor children, was in effect a cloak by which the appellee wife sought to recoup the $500 a month alimony awarded her in the final decree of divorce, upon a charge that the appellant had misrepresented the amount of the income from the apartments; that the petition does not allege any changed circumstances occasioned by the needs of the children, and upon those circumstances, no attorney's fees could be awarded.
The chancellor made no finding that there had been a misrepresentation as to income of the apartments, nor did he set aside the conveyance or require a reconveyance of said apartments to the appellant as a condition of the award.
An examination of the allegations of the petition demonstrates on its face a failure to show a change of circumstances that would justify the court in an increase of support for the minor children. Obviously, the court would have no authority to now award alimony to the appellee wife where she had heretofore relinquished her claim in lieu of a conveyance of valuable real property, particularly *453 where there has been no offer to return the property nor a decree of the court requiring its reconveyance to the appellant. Under the prevailing rule in this state, there was no authority to modify the settlement voluntarily made by the parties involving the transfer of valuable assets to the wife in lieu of alimony thus awarded in the final decree. No fraud, misrepresentation or mistake was shown and even though it might have or could have been shown, the same would not be the proper subject of a petition for modification. See § 65.15, Fla. Stat., F.S.A.
As to the support for the children, the testimony and pleadings show that prior to the entry of the final decree of divorce the appellee listed the following sums needed for the children: groceries, $400; maid, $160; clothing, $100; amusements, $100; total, $760. Upon the petition for modification, the appellee testified a need for the following items: groceries, $400; maid, $160; clothing, $100; amusements, $100; milk, $80; total, $840 per month. The other items testified to concern bills for electricity, water, laundry, dry cleaning, lawn maintenance, and general repairs, all of which existed at the time the divorce was granted on May 2, 1958. We conclude that there was an insufficient showing of a change of circumstances insofar as the needs of the children were concerned as would require or entitle the court to increase the support for the children. This, of course, does not preclude the appellee from a future showing upon changed circumstances of the necessity for an increase in support for the minor children.
The award of attorney's fees to appellee's counsel by the chancellor was error. If the petition could be considered as an attempt under § 65.15, supra, to increase the support for the minor children provided for by the final decree, it would be erroneous to award attorney's fees for the simple reason there is no provision in the statute for such an award. Under § 65.16, Fla. Stat., F.S.A., provision is made for an award of reasonable attorney's fees in a proceeding brought for the purpose of enforcing the decree or order of the court providing for the payment of alimony or support for children. Inasmuch as the petition for modification was obviously not for the purpose of enforcing a decree or order of the court providing for the payment of alimony or support for children, an award of attorney's fees could not be justified under that section of the statute. See Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799.
In view of the opinions expressed herein, the decree appealed should be and it is hereby reversed and the cause remanded with directions to enter a decree dismissing the petition for modification.
Reversed and remanded with directions.
HORTON, C.J., and CARROLL, CHAS., J., concur.