PER CURIAM.
This is an appeal from a final order which denied and dismissed, with prejudice, a petition for modification of a property *658 settlement agreement filed by the former wife, Dorothy M. Gillotte.
The Wife originally sued the husband for divorce on September 10, 1964, alleging, inter alia, that she and the husband were the joint owners of two automobiles, a home, and a credit union savings account. She filed a property settlement agreement with her complaint for divorce. The agreement provided that for certain acts on the part of the husband, the wife would waive her rights to alimony. The wife was represented by an attorney and she executed the agreement freely and voluntarily. A final decree of divorce was subsequently entered between the parties on October 9, 1964.
On January 9, 1967, the wife filed a petition to modify, in which she prayed for an increase in child support and for a modification of the alimony provisions of the final decree.
The order herein appealed found that the wife had accepted the benefits of the agreement for a period of time in excess of two years and was estopped in view of the evidence to require the husband to pay additional money as alimony. The court found that the burden of proof was upon the wife to show fraud; that the evidence presented by her failed to support her allegations that her former husband was guilty of fraud, deception or overreaching; and that there was not sufficient evidence to support the other allegations of the petition.
We find no error. See Norton v. Norton, 131 Fla. 219, 179 So. 414 (1938) and Haynes v. Haynes, Fla.1954, 71 So.2d 491. See also Salomon v. Salomon, Fla. 1967, 196 So.2d 111; Cowen v. Cowen, Fla.1957, 95 So.2d 584; Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872 (1947); and Howell v. Howell, Fla.App. 1964, 164 So.2d 231.
Furthermore, the record before us indicates that the former wife failed to show a sufficient change in circumstances to justify a modification of the final decree. See Graves v. Graves, Fla.App.1959, 115 So.2d 451.
Appellant’s other points on appeal have been examined and are not sufficient to warrant a reversal of the final order, which is affirmed.
It is so ordered.