PER CURIAM.
This is an interlocutory appeal by the former wife of the appellee from an order reducing support for the minor child of the parties. The original allowance was made in the final decree of divorce pursuant to a written separation and property settlement agreement awarding the wife $500.00 per month permanent support and alimony, with the further provision that, in the event she should remarry, the $500.00 per month allowance would be paid to her for the support and education of their son.
Appellee-father filed a motion to modify the final decree, as it related to child support. After hearing, the chancellor entered an order reducing the child support to $250.00 per month. The reduction was sought on the ground that the mother had remarried a very few days following the divorce contrary to her representation to appellee that she was not going to remarry. The court agreed with appellee’s contentions that such representation had been made to appellee and that it constituted fraud and deceit, thus entitling appellee to the relief granted, i. e., a reduction in child support to $250.00 per month. We can not agree and must reverse.
The burden of proof was on the movant-appellee to establish by competent evidence fraud and deceit on the part of appellant, Juanita Hamilton, when they entered into the alimony and support agreement. Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872. Appellee failed to carry this burden. Chastain v. Chastain, Fla.1954, 73 *882 So.2d 66; Knight v. Knight, Fla.App.1967, 205 So.2d 353; Harrell v. Harrell, Fla.App.1965, 171 So.2d 214; § 61.14, Fla.Stat., F.S.A. (formerly § 65.15).
For the reasons stated the order appealed is reversed.
Reversed.