PER CURIAM.
By this interlocutory appeal the former husband of the appellee brings for review a post-judgment order of the trial judge increasing appellee’s alimony from $500 per month to $600 per month for a limited time in order to cover unanticipated educational expenses. The appellant urges that because the appellee testified there was no substantial change in her ordinary expenses, the increase should have been denied. Appellant argues that even though appellee’s income has increased the court may not increase the alimony because the appellant had testified during the original proceeding that he could, if ordered by the court, pay an amount greater than the $500 allowed in the final decree. He relies upon Graves *842 v. Graves, Fla.App.1959, 115 So.2d 451, and Gillotte v. Gillotte, Fla.App.1968, 212 So.2d 657, as support for his argument. The cited cases do not support the proposition advanced In each case the court held an increase in alimony improper where the amount was originally set in a property settlement and the benefits of the property settlement agreement had been accepted by the wife.
 This case is governed by the principle set forth in Henderson v. Henderson, Fla.App.1969, 226 So.2d 699, where the court stated;
“It was argued that the financial awards should have been larger because ‘defendant’s business in becoming healthier and healthier each year * * When this change is manifest or when there have been other substantial changes in the husband’s ability to pay or in the wife’s needs, then she, of course, may reapply and obtain a new adjudication in the light of these changes, at least with reference to support and alimony.”
Affirmed.