Carole Howard **FLEISCHMAN**, Appellant,

v.

Julius **FLEISCHMAN**, Appellee.

No. 5990.

District of Columbia Court of Appeals.

Argued Dec. 7, 1971.

Decided Jan. 11, 1972.

William A. Mann, Washington, D. C., with whom Monte M. Simpson, Chevy Chase, Md., was on the brief, for appellant.

Joseph D. DiLeo, Washington, D. C., also entered an appearance for appellant.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before FICKLING, GALLAGHER and REILLY, Associate Judges.

FICKLING, Associate Judge:

Appellant (wife) appeals from a denial of her motion to vacate and set aside a separation agreement.[1] We affirm.

Appellant contends that she signed the agreement under duress because, on the same day of the signing, she was convinced that if she did not sign the memorandum of agreement, her former attorney would have withdrawn and that she would have been compelled to try her divorce action without the aid of counsel. The trial court held a subsequent hearing at which both appellant and her former attorney testified as to the events preceding the drafting of the agreement.

The memorandum of agreement was the product of one and one-half days of hard, arm's-length bargaining and negotiation

1. Appellant was granted an absolute divorce on the ground of voluntary separation. Her divorce action on the ground of cruelty and appellee's (husband's) divorce action on the ground of adultery were dismissed with prejudice as a result of entering into the separation agreement.

between the parties and their attorneys at the courthouse just prior to the hearing of the divorce action. Appellant's former attorney, an experienced domestic relations specialist, testified that he urged her to sign the agreement because in his opinion there were certain serious deficiencies in her case which led him to believe that the agreement was a "favorable settlement." He further testified that he had informed appellant that if she refused to sign the agreement, he would withdraw from the case and arrange for another attorney to try the case at a later date.

The trial court did not accept appellant's testimony that she believed that she would have to go to trial immediately without the aid of counsel. On the day of the hearing on the divorce action, appellant acknowledged before the trial judge her satisfaction with the memorandum of agreement.

 "What constitutes duress depends on the facts of the particular case." (Footnote omitted.) Jacobson v. Jacobson, D.C.App., 277 A.2d 280, 283 (1971). Appellant was represented by an experienced specialist in domestic relations; appellant is an experienced businesswoman and has had prior dealings with the courts and attorneys on the occasion of an earlier divorce action involving a former husband; she signed five copies of the agreement and initialed every page of each copy; and, during the hearing on the divorce, she testified that she understood and voluntarily entered into the settlement agreement. On the basis of this evidence, we cannot say that the trial court's finding of lack of duress was clearly erroneous.

We also reject appellant's contention that the agreement is unfair on its face and is therefore presumptively invalid. Le Bert-Francis v. Le Bert-Francis, D.C.App., 194 A.2d 662, 664 (1963). The parties were married for less than six years; no children were born of this marriage; appellant admits that she did not contribute financial-

ly to any of the property acquired during the marriage; and she has extensive knowledge and experience in a well-paying employment field. Under the agreement she is to receive $20,000, most of the household furniture and equipment, $3,000 for a new automobile, $650 per month for support for herself and her daughter,[2] an education payment for the daughter of between $1,000 and $1,500 per year, and other insurance and medical benefits. There was no concealment of appellee's financial condition. We cannot say in the circumstances of this case that the agreement is unfair on its face.

Affirmed.

---

2. Appellee had adopted appellant's child by a former marriage.