WALDEN, Judge.
In a property settlement agreement incorporated in the final judgment of divorce the husband was ordered to pay to the wife as alimony the sum of $250.00 monthly until the time of the wife’s death or her remarriage. More than five years thereafter the husband, in a post-judgment petition, said that his income had diminished and the petitioner’s ability to provide for herself had increased; whereupon he prayed for a termination of alimony.
The trial court entered the appealed order of modification wherein he ordered the husband to pay to the former wife the sum of $210.00 monthly for three months only, at the end of which time all alimony payments were legally terminated.
*625 Such order of modification can be made only upon a showing of a substantial change in the circumstances of the parties since the date of the final judgment. See Bloemendaal v. Bloemendaal, 275 So.2d 30 (4th D.C.A.Fla.1973); Sherman v. Sherman, 279 So.2d 887 (3d D.C.A.Fla.1973); Cheves v. Cheves, 269 So.2d 414 (2d D.C.A.Fla.1972); Livenston v. Livenston, 233 So.2d 841 (3d D.C.A.Fla.1970); Rogers v. Rogers, 229 So.2d 618 (2d D.C.A.Fla.1969).
A review of the record discloses no such change. As a matter of fact the husband’s income has steadily increased since the date of the final judgment and there is no showing that there is any diminution of the wife’s needs or increase in her ability to provide for herself. Hence, the modification of alimony is not warranted either by the facts of this case or the law of the state. F.S. 61.14 (1971), F.S.A.
Looking about, the husband in his appellate presentation argues that the trial court action in terminating the wife’s alimony was warranted because “(1) Appel-lee’s remaining current in the payment of alimony and (2) Appellee’s overpayment of alimony to the Appellant.” These matters are insufficient. The husband is obliged as a matter of course to honor the provisions of the final judgment and the fact that he does so entitles him to no special or new consideration. As to overpayment, that surely results from his unilateral decision and he would be entitled to credit upon his accruing alimony requirement for such sums — a matter of no procedural difficulty.
Appellee’s procedural argument is without merit. The appealed order which modified the appellant’s award of alimony as originally provided in the final judgment dated August 30, 1968, is hereby reversed.
Reversed.
OWEN, C. J., and RUDNICK, VAUGHN, J., Associate Judge, concur.