BETSY KISTLER, *Appellant,* V. BERTIE M. HEARTBURG
*et al., Appellees.*

No. 16,082.

CONTRACTS—*Cancellation—Executed Separation Agreement of
Husband and Wife—Divorce Contemplated.* A judgment af-
firmed refusing to set aside the results of an executed written
contract between a husband and wife relating to a division of
property, notwithstanding it recited an agreement not to
contest a divorce suit if one should be instituted.

Appeal from Shawnee district court; ALSTON W.
DANA, judge. Opinion filed November 6, 1909. Af-
firmed.

*J. J. Schenck,* and *L. H. Greenwood,* for the appellant.

*Matt T. Campbell,* and *J. B. Larimer,* for the ap-
pellees.

*Per Curiam:* The decision of this case is controlled
by the two opinions in the case of *King v. Mollohan,*
61 Kan. 683, 692. Separation agreements are not *per
se* contrary to public policy, and neither fraud, collu-
sion nor improper purpose appears. On the contrary,
the contract and agreed facts show a separation for
cause, contemplated as immediate and immediately
taking place. The matter of a divorce was merely a
contingency which might or might not arise. The real
purpose was to adjust property and other rights, and
not to facilitate a divorce. If an immediate divorce
had been in contemplation the parties would have done
no more than express what the parties in the Mollohan
case agreed upon but omitted from the writing. It may
be conceded the agreement not to contest if a divorce
suit followed was void, but that was not the thing which
induced the contract or the consideration upon which
the lawful stipulations depended, and it may be disre-
garded. If, however, the whole contract be treated as
void, it was fully executed as to all subjects embraced in

this controversy, and, consequently, as in the Mollohan case, will not be disturbed. There is no claim that the property arrangement effected according to the contract was unfair, unjust or inequitable.

The judgment is affirmed.