Ross v. Ross.

---

No. 21,562.

GAIL E. ROSS, *Appellee*, v. CLYDE E. ROSS, *Appellant*.

### SYLLABUS BY THE COURT.

HUSBAND AND WIFE — *Separation Agreement — Division of Property — Subsequent Divorce—Agreement Valid.* After entering into a separation agreement which, among other things, required the payment by the husband to the wife of $1,200, the parties, after a separation of about a year, lived together again for some months, when a second separation took place, the wife suing for divorce and alimony on the grounds of extreme cruelty and gross neglect of duty. The court found that the contract was fairly made at the time, was understood by the plaintiff and had been substantially carried out, and that there was nothing said or done touching its abrogation, except the mere fact of living together. The court not only allowed suit money and counsel

fees, but also allowed alimony. *Held*, that alimony was improperly awarded.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed June 8, 1918. Modified.

*Jay T. Botts,* of Coldwater, for the appellant.

*John W. Davis,* of Greensburg, for the appellee.

The opinion of the court was delivered by

WEST, J.: The parties were married in 1910, and in September, 1914, they entered into a written agreement as to a division of their property interests by which the husband transferred to the wife certain described personal property, agreed to pay certain indebtedness theretofore made, on which the defendant might be held as joint maker or surety, and to pay her $200 in cash, the receipt of which was acknowledged. He further agreed to pay her $1,000 upon the favorable decision of a certain lawsuit, and agreed that he never would at any time claim any interest in the personal property transferred to her or any other property that she might thereafter acquire, and he agreed to abide by any will that she might make as to any of her property, and she was thereby authorized to dispose of any property she might have at any time, free from all claims by descent or otherwise upon his part. He further agreed to sign any conveyances made by her at any time when called upon, without remuneration. The contract recited that the wife—

"hereby accepts the above property as her equitable and fair division of the property of said Clyde E. Ross and releases her husband, Clyde E. Ross, from all further obligations toward her support,"

and she also conveyed her title to certain described land and a certain contract and a certain action pending in this court.

"Said Gail E. Ross also in consideration of the delivery and sale to her of the personal property hereinbefore made and of the payment of the money therein specified by Clyde E. Ross hereby agrees that she never will at any time claim any interest in and to any portion of the said property above conveyed and relinquished to Clyde E. Ross, . . . nor in or to any other real or personal property that he may now have or hereafter acquire, and she hereby agrees to abide by any will that he may hereafter make and that he is hereby released of any claims that she might make to any of his property at any time by reason of being his

wife, and he is hereby authorized to dispose of said property above described or any other property that he may hereafter acquire free from all claims by descent or otherwise upon her part, that he may do this without consulting her. She further agrees that she will sign any and all conveyances for the said property or other property he may acquire at any time when called upon by him; and that she will sign and acknowledge the same without remuneration."

Upon making this agreement the parties separated, plaintiff going to Missouri and remaining there until the spring of 1915, when she returned to Kansas and the parties resumed the marital relation, living together until July, 1916, when the plaintiff brought suit for divorce, alleging gross neglect of duty and extreme cruelty. The defendant pleaded the separation agreement, and the plaintiff in reply alleged that it was obtained by fraud, and that for the purpose of inducing her to return to him he stated that if she would do so he would furnish her with a home and support, and that the contract would then be annulled and set aside; that when she executed it she was ignorant of its legal effect, and she prayed that it be vacated.

The court granted her a divorce, and found that the contract was made upon advice of counsel who fully explained the effect to the plaintiff, and that it was fairly made at the time; that there was no new agreement made upon resuming marital relations, except such as the law would infer from the fact that they were living together; and that the terms of the contract relating to the transfer of property and the payment of money were fulfilled. In addition to the divorce, the court allowed the plaintiff $1,000 as alimony, and an attorney's fee, and made the sums a lien on certain lots belonging to the defendant.

Defendant appeals, and assigns error on the allowance of alimony and the holding that the separation contract was annulled by the resumption of marital relations.

While the contract did not mention a separation, no doubt one was intended, and separation in fact took place. When the wife returned to her husband, and while they continued living together, she was entitled to support as any other wife would be, and that part of the agreement relinquishing all claims upon the husband for support must be deemed abrogated. Likewise, when compelled by his mistreatment to sue for divorce she was entitled to suit money and counsel fees, which were properly allowed; but when the second separation took place

Ross v. Ross.

nothing had been said or done touching the agreement as to the payment of money and transfer of property except the mere living together.

It was settled in *Dennis v. Perkins,* 88 Kan. 428, 129 Pac. 165, that mere resumption does not of itself work abrogation, but that it, with other facts and circumstances, may indicate the intention of the parties as to whether a separation agreement is to be set aside. (9 R. C. L. § 355.) In the case before us all the alleged reasons for annulment met adverse findings by the court. In the Perkins case, it was said that when the contract contains provisions for the wife which might with equal propriety have been made had no separation been contemplated, and others which otherwise would have been idle, the coming together again of the parties and their conduct may be such as to show an intention to avoid the latter and not the former. Also—

"If the contract and circumstances be such that the permanent resumption of the relation of husband and wife would naturally and presumptively imply the abrogation of certain of its terms only, there is no reason why such effect should not be given." (p. 435.) .

The agreement which the parties had signed, and which the court found to be fairly made and substantially complied with, would by its terms stand in the road of the further depletion of the defendant's property in favor of plaintiff by way of alimony. We have, then, a valid contract, properly made by competent parties, which the plaintiff sought to have decreed invalid for various reasons, none of which she was able to substantiate, and, in the absence of all evidence except the mere and insufficient fact that the parties lived together, we find nothing on which abrogation can be based.

The decree required the payment of $1,000 alimony, less $145 already paid in under the order of the court. This would leave $855 still to be paid.

The decree is modified by eliminating this $855, and, thus modified, it is affirmed.