No. 28,777.

CHESTER A. ARTHUR, *Appellee*, v. ROBERT J. MOORHEAD et al., *Appellants*.

(277 Pac. 1015.)

Opinion filed June 8, 1929.

*A. R. Hetzer,* of Lakin, and *H. O. Trinkle,* of Garden City, for the appellants.

*E. R. Thorpe* and *C. E. Beymer,* both of Lakin, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to foreclose a mortgage on real property given to secure the payment of a note for $750, and interest. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The defense was that the defendant and Ella T. Moorhead had been husband and wife; that they had marital difficulties; that about August 1, 1922, in Kearny county, Kansas, they executed a contract settling their property rights and divided their property between themselves; that under the contract the defendant gave to Ella T. Moorhead the note and mortgage sought to be foreclosed in this action; that they afterwards became reconciled and moved to California, where other property was accumulated by them; that in California, on January 20, 1927, Ella T. Moorhead was granted a divorce from the defendant, in which she was given the property in California, and the defendant was given the real property which is the subject of this controversy; and that after re-

suming marital relations Ella T. Moorhead and Robert J. Moorhead regarded the separation contract as null and void and the note and mortgage as canceled.

The action was tried by the court without a jury, and the court found—

"For the plaintiff and against the defendant that all of the allegations in plaintiff's petition contained are true."

The separation agreement, the record in the divorce action in California, and a transcript of the evidence in that action were introduced in evidence in the present action. The order in the divorce action divided the property as indicated in the defendant's answer. The transcript of the evidence in that action said nothing about the separation agreement or property rights thereunder, although that agreement was called to the attention of the trial court.

Ella T. Moorhead testified:

"That there never was any oral or written agreement between her and Mr. Moorhead that this postnuptial contract be rescinded or regarded as void and of no effect; that the note and mortgage for $750 which Mr. Moorhead executed and delivered to her in accordance with the above contract, she traded to the appellee herein on a tract of land in Missouri; that after she and Mr. Moorhead became reconciled, he never asked her to give up the note and second mortgage she held."

The evidence showed that the note and mortgage, after they were given to Ella T. Moorhead, were always in her possession until they were transferred by her to the plaintiff.

In *Dennis v. Perkins,* 88 Kan. 428, 129 Pac. 165, this court said:

"Reconciliation and the resumption of marital relations do not necessarily avoid a separation agreement previously made by the parties, such effect depending on the question whether the provisions of the contract and the conduct and circumstances show an intention to treat the agreement as no longer in force.

"Such reconciliation and resumption do not warrant the court in deeming such contract avoided any further, if at all, than its terms taken in connection with the situation and conduct of the parties indicate their intention to avoid it." (Syl. ¶¶ 1, 2.)

*Ross v. Ross,* 103 Kan. 232, 173 Pac. 291, recognizes the principle that the resumption of marital relations does not of itself abrogate a separation agreement previously entered into by a husband and wife. The defendant pleaded abrogation or cancellation of the note and mortgage. It was incumbent on him to prove that fact. He failed so to do. The evidence of Ella T. Moorhead was positive that

there had been no cancellation or abrogation. The note was allowed to remain in existence and in the possession of Ella T. Moorhead. The mortgage was not released of record. The evidence was sufficient to uphold the general finding of the court in favor of the plaintiff against the defendant.

The judgment is affirmed.