No. 30,184.

LUCRETIA B. SHAFFER, *Appellant*, v. CHARLES M. SHAFFER, *Appellee.*

(10 P. 2d 17.)

Opinion filed April 9, 1932.

*F. M. Pearl*, of Hiawatha, for the appellant; *John L. Gernon*, of Hiawatha, of counsel.

*Walker F. Means* and *Lloyd S. Miller*, both of Hiawatha, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Lucretia B. Shaffer is appealing from an order of the district court setting aside a separation agreement made between her and her husband, Charles M. Shaffer, and directing that appellant's attorney, F. M. Pearl, pay to the clerk of the court the sum of $1,000 for the use and benefit of the appellee, which sum had previously been paid by appellee under a separation agreement as a property settlement. Charles M. Shaffer and Lucretia B. Shaffer were married on June 23, 1928, and lived together for a time, but had not lived together since September 1, 1929. He was a resident of Kansas and his wife had been in California with a daughter of a former marriage since September 1, 1929. He had consulted with a lawyer as to obtaining a divorce from his wife, and had been advised that he had no grounds for a divorce. In June, 1930, his wife returned from California, but he declined to set up housekeeping and live with her, as she had announced her purpose to live in California. On July 29, 1930, she brought an action of divorce against her husband, but asked for no permanent alimony. She had indicated that she would accept $1,000 as a property settlement, and just before the November term, 1930, of the district court a settlement was arranged which was reduced to writing and is as follows:

"It is hereby agreed between the parties hereto, that Charles M. Shaffer, defendant, will pay to the clerk of the district court for the use and benefit of the plaintiff, the sum of $1,000 on or before the 15th day of November, 1930, which sum shall be in full settlement of all claims and demands of the plaintiff against the defendant for alimony and support for any cause or reason on account of their marital relation, whether a divorce is granted to either of them in the above-entitled cause of action or not. In event a divorce is denied to either the plaintiff or defendant, this agreement shall be in full satisfaction of all claims and demands of the plaintiff, or alimony in any future actions for a divorce brought by either of them. It is further agreed that defendant has paid the plaintiff the alimony now ordered to be paid in this action in the sum of $40 for November, 1930, and that no further monthly alimony shall be paid. That defendant has paid to plaintiff's attorney, the sum of $50 and that he shall not be required to pay plaintiff's attorney any further sum."

The defendant filed an answer and cross petition in the divorce action alleging that the plaintiff had abandoned him for more than a year before that time; that she had gone to California, and insisted on staying there; that she did not like the home that he had provided for her and had endeavored to induce the defendant to go to California to live; that he was unable to do so, and that in truth

and in fact she was dissatisfied with the defendant and the home he had provided for her; that she did return to California while he continued to reside in Kansas and had refused to aid and assist the defendant in making and maintaining a home, and therefore charged that plaintiff herself was guilty of gross neglect of duty. Allegations were made as to her means of livelihood, which it is alleged were ample to provide a support for herself and daughter, and that the defendant has no property except the wages he earns in the postal service, which is the sum of about $175 per month. He therefore prayed that the plaintiff be denied a divorce and that he be granted a divorce from plaintiff on the grounds of abandonment and gross neglect of duty.

The case went to trial on the issues formed on defendant's cross petition, and at the conclusion of the evidence defendant's counsel passed to the court for its inspection and approval a stipulation already mentioned, which had been entered into between the parties. The court read the stipulation as to the property settlement and stated that in the light of the evidence and the failure of the plaintiff to live with defendant the court would find that plaintiff was not entitled to alimony and that none would be allowed. The court was then informed that defendant had already paid plaintiff the sum of $1,000 on the property settlement which had been transferred to plaintiff, and it had not been paid to the clerk of the court as the stipulation provided. The court indicated that it was not satisfied with the payment of the amount and the concealment of the fact of the payment from the court and desired that the matter be further investigated, and the case was taken under advisement and continued.

On January 20, 1931, defendant filed a motion to set aside the stipulation stating that he had made payment to plaintiff's attorney by giving him a check for $1,000 and asking that the stipulation be set aside by the court and the amount paid be returned to the defendant. Testimony was produced to the effect that defendant's attorney had prepared the stipulation and sent it by defendant over to plaintiff's attorney several days before the divorce trial came on. That the plaintiff's check for the $1,000 was deposited in the bank and plaintiff's attorney issued his own personal check and transmitted the same to the plaintiff. On this motion testimony was taken as to the circumstances of the payment and the court ad-

judged that the stipulation for the payment of the money should be set aside, and that the $1,000 which had been paid as a property settlement be paid into court and returned to the defendant, Charles M. Shaffer. Previously and on the same day the court had denied the petition of the plaintiff for a divorce and held under the cross petition that the defendant was entitled to a divorce on the ground of gross neglect of duty, and that the plaintiff was not entitled to alimony.

The plaintiff complains and it is insisted that the court erred in assuming to set aside a fully executed agreement which had been legally made and also in arbitrarily ordering a return of the money voluntarily paid by defendant in compliance with their agreement. The plaintiff had not asked for permanent alimony, and under the pleadings it cannot be regarded as an issue in the case. Nothing in the evidence indicated that it was the subject of controversy between the parties. Since permanent alimony was outside the issues in the divorce action the agreement of the parties did not need the approval of the court. The circumstances of the agreement were probably brought to the attention of the court in order to show that the property rights had been adjusted by the parties. If permanent alimony had been asked and payments or adjustments made of their property interests it would have been a proper consideration to enable the court to determine whether additional alimony should be allowed or refused, but where none was asked why should the court be concerned about permanent alimony. The court appears to have intruded an issue not in the case and in a way invited the defendant to move to set aside an agreement voluntarily made by him which appears to have been free from fraud and had been fully performed. The agreement had been made and fully executed before the trial of the divorce action. It had been done in apparent good faith and in view of a complete rupture of the marital relations, and no reason is seen why the agreement and settlement of property rights should not be held to be a lawful and binding obligation. It was stipulated that it should be controlling, whether a divorce in the pending action is granted or not, and also controlling in any future action for divorce brought by either party. Such an agreement and settlement of property rights intelligently and fairly made are valid. This one does not fall within the ban of being contrary to public policy. A situation had

arisen between the parties that they could no longer live together in harmony and peace as husband and wife, and a complete separation had already taken place. Under numerous authorities such an agreement as to separation and the settling of property interests is valid and binding. (*King v. Mollohan,* 61 Kan. 683, 60 Pac. 781, *Ross v. Ross,* 103 Kan. 232, 173 Pac. 291; *Blair v. Blair,* 106 Kan. 151, 186 Pac. 746; *Bradley v. Burgess,* 109 Kan. 347, 198 Pac. 967; *Bond v. Mikel,* 129 Kan. 824, 284 Pac. 379.)

The separation and settlement is not open to any claim of collusion in the parties to bring about a separation, and in fact collusion was not alleged. Besides, after all the circumstances were brought out the court granted a divorce which necessarily implies that there was no collusion. So we have an agreement made under the advice of counsel, the money personally paid by defendant to counsel for plaintiff, and by the latter duly transmitted to plaintiff, and thus after being fully performed defendant now asks in a mere motion, when it is not even an incident to the divorce action, that the agreement be set aside. This we think was clearly beyond the power of the court under the circumstances stated. There was less reason for the judgment of the court that the plaintiff should return or pay to defendant $1,000 which had been voluntarily paid in full performance of the agreement which had been a closed transaction for some time. If the plaintiff was indebted to defendant for $1,000 the claim could not be determined and a recovery adjudged on grounds of duress, fraud or unfairness, in this summary way in a mere motion in the divorce action. Of course, a separation agreement may be set aside in a court of equity on the same general principles as are applicable to ordinary contracts, and also where it is unreasonable, unfair and makes inadequate provision for the other spouse. But to do this, after the agreement has been performed, it must be by a direct proceeding and upon pleadings setting forth the specific grounds for rescission or annulment before there can be a judgment rendered for the recovery of loss or damage resulting from the fraudulent action. (30 C. J. 1069.)

Some criticism is made of the conduct of Mr. Pearl, counsel for plaintiff, but we mention it only to say that an examination of the record shows that there was nothing dishonorable or unethical in his conduct in the case.

For the reasons stated the judgment of the court in setting aside

the separation agreement and settlement of property interests as well as adjudging the recovery of the money paid under the agreement is reversed and the cause remanded with the direction to deny the motion of defendant in that regard.