No. 42,085

ETHEL HOCH, *Appellee,* v. HARRY HOCH, *Appellant.*

(359 P. 2d 839)

Opinion filed March 4, 1961.

*A. B. Fletcher, Jr.,* of Junction City, argued the cause, and *C. L. Hoover* and *Robert A. Schermerhorn,* both of Junction City, were with him on the briefs for the appellant.

*Lee Hornbaker,* of Junction City, argued the cause, and *H. W. Harper, Richard F. Waters* and *B. L. Abbott,* all of Junction City, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a divorce case. Plaintiff sued her husband for divorce upon the grounds of gross neglect of duty and extreme cruelty, and asked the trial court to approve a postnuptial contract settling the property rights of the parties and fixing the amount of alimony to be paid the wife in the event of divorce. This contract was entitled "Separation Agreement" and was attached to and made a part of the petition.

The contract stated that the parties desired to amicably settle their rights, one toward the other, with respect to their property, and provided, among other things, for payment to plaintiff by defendant of $10,000 as support money and/or alimony in the event of divorce; that the rest, residue and remainder of the property, which included 160 acres of land, an automobile, a pickup truck, the cattle, machinery and bank account, would become solely that of

defendant. Plaintiff, as beneficiary, agreed to surrender her rights under two life insurance policies having a cash value of $3,027.57, and to sign the necessary papers to effect the change. The parties also agreed that the contract was a fair, full and complete settlement of their rights and that thereafter neither would have any claim against the other; that in the event of divorce the agreement would be presented to the trial court as a property settlement and they would ask the court to approve the same.

Defendant (appellant) husband answered, denying the allegations of plaintiff's petition for divorce. He also filed a cross petition, in which he sought a divorce from plaintiff upon the ground of extreme cruelty and asked the trial court to set aside the postnuptial contract for the reason that it was not fairly and understandingly made, was not just and equitable in its provisions, had been induced by fraud and overreaching, duress, coercion and undue influence, and that the court should make a just and equitable division of the property when granting the divorce. Plaintiff replied by denying the new matter contained in defendant's answer and cross petition.

The trial court heard the evidence and granted plaintiff a divorce, finding that the parties had entered into a separation agreement for settlement of their rights, one against the other, arising out of the marital relationship and that the separation agreement was a fair, full and complete settlement of those rights and should be approved and adopted as the order of the court. Judgment was entered in accordance therewith. Defendant has appealed from that part of the trial court's judgment approving the separation agreement.

It is contended by defendant that the separation agreement approved by the lower court was not entered into fairly and understandingly, was not just and equitable in its provisions, was induced by fraud, coercion and undue influence and was overreaching.

At the outset, it may be stated that postnuptial agreements, fairly and understandingly made, settling property rights between husband and wife, binding upon them whether or not any action for divorce may be instituted, have been before this court on many occasions. They have been held not to be against public policy, and enforceable. (*Perkins v. Perkins*, 154 Kan. 73, 76, 114 P. 2d 804; *Shaffer v. Shaffer*, 135 Kan. 35, 10 P. 2d 17; *Petty v. Petty*, 147 Kan. 342, 353, 76 P. 2d 850.)

We find no merit in defendant's contention that the approved agreement was not fair and equitable in its provisions. No useful

purpose would be gained by setting out the value of all the property. Defendant was given the 160-acre farm, the automobile, the pickup truck, the cattle, farm machinery and bank account, and plaintiff assigned to him her interest in two insurance policies amounting to over $3,000. Moreover, it was disclosed that defendant had a net income from his dairy operations of approximately $2,500 a year. The $10,000 judgment allowed plaintiff, as provided in the agreement, was made in lieu of a division of the property and alimony. We cannot say that the trial court abused its discretion in awarding this amount.

Defendant also contends the property settlement was not entered into fairly and understandingly. Defendant was fifty-six years of age and a farmer engaged in the dairy business. Plaintiff was a mature woman. Both had full knowledge of the extent of their property and both were cognizant of their resources, income and worth. They discussed the question of a property agreement which was later reduced to writing and signed by both parties. Subsequently, defendant signed his entry of appearance in the divorce action. Defendant's contention is without merit.

Defendant next contends the agreement was induced by fraud, coercion and undue influence. It is hardly necessary to list the citations of authority on the long-standing rule in this state that one who asserts fraud must prove it by a preponderance of the evidence; that such evidence should be clear, convincing and satisfactory, and that it does not devolve upon the party charged with committing the fraud to prove the transaction was honest and bona fide. Fraud is never presumed; it must be proved. Mere suspicion is not sufficient. (*Jones v. Coate,* 180 Kan. 597, 599, 306 P. 2d 148.)

We are able to glean from the inadequate abstract that there was some slight evidence plaintiff had stated to defendant she would "smear" him. She denied making such a statement. The trial court saw the witnesses and heard them testify, and was in a much better position to pass upon the weight of the evidence than is this court. The lower court chose to believe plaintiff's evidence, and in this instance this court will not substitute its judgment for that of the trial court on questions of fact. A judgment resting on conflicting evidence as to an issue of fact in dispute is conclusively settled by the findings of the trial court. (*Lambert v. Rhea,* 134 Kan. 10, 4 P. 2d 419.) Defendant failed to sustain the burden of proof on his contention.

We find nothing in the record to justify a reversal of the trial court's judgment, and it is affirmed.

It is so ordered.