**Blanche A. ANDERSON, Appellant,**

v.

**Bernice M. ANDERSON, Executrix of the Estate of Walter M. Anderson, Deceased, Appellee.**

**No. 686–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 5, 1971.

Robert G. Grove, Oklahoma City, Okl., for appellant.

Frank Ogden, Guymon, Okl., for appellee.

Before HILL, SETH and BARRETT, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Oklahoma against the appellant in her diversity suit, seeking a declaratory judgment.

The facts are stipulated. Appellant-plaintiff was the wife of Walter M. Anderson, who died testate on December

23, 1969. Appellee is the testator's daughter and executrix of his estate. While living in Liberal, Kansas, the decedent executed his last will and testament. Although he was then living in Kansas, he maintained his legal residence in Oklahoma. The will contained the following paragraph:

"EXPLANATION: There is no issue of my present marriage, but I have four (4) children by a previous marriage and my wife has one (1) child by a prior marriage, and a part of my estate was accumulated prior to this marriage. My wife and I have heretofore conveyed certain lands to my children. I have discussed with my wife the present extent and value of my estate. She has been advised that in the absence of written agreement or written consent to this will that she would be entitled to inherit one-half of my properties in Kansas and Colorado and one-third of my properties in Oklahoma. Also, in addition to the provisions hereinafter made for my said wife I have transferred certain properties to her and she is the beneficiary of some of my life insurance. In addition, I have made arrangements for a substantial amount of United Funds to go to her upon my death. My wife and I have discussed the disposition of my estate as hereinafter provided and her consent thereto is hereto attached."

The will further provided, in the second numbered paragraph following the above quoted "Explanation," that:

"2. I have heretofore in June of 1966 sold certain lands in Nye County, Nevada. This land was owned solely by me and was sold under contract and deed of trust under which I received a promissory note for the bulk of the purchase price, such note being payable in a number of installments. While the land was owned by me and in my name, the note and deed of trust was [sic] inadvertently and mistakenly made out to myself [sic] and my wife, Blanche Anderson, as joint tenants. It is my wish and desire and I hereby direct, give and bequeath said promissory note and the deed of trust to my children hereafter named to be a part of the residue clause of this my will as hereinafter set forth. I make this bequest to my children and request and direct that my wife recognize the same as being my intent."

Immediately following the subscription of the testator and the signatures of three attesting witnesses, appellant subscribed the instrument in the following language:

## "CONSENT OF WIFE

"I, Blanche A. Anderson, wife of Walter M. Anderson, the above named testator, being of sound mind and under no influence whatsoever, do hereby acknowledge that I have discussed the nature, extent and value of his estate with my said husband, have read his foregoing will and have had explained to me and know and understand the contents thereof and the provisions therein made for me; that I have been advised and know and understand that under the laws of descent and distribution I am entitled to inherit one-half (½) of my husband's estate in Kansas and Colorado and one-third (⅓) thereof in Oklahoma in the absence of written agreement or this consent to his will, and I do hereby freely and voluntarily consent to the execution of the said will by my said husband and hereby elect to take thereunder and not under the laws of descent and distribution."

At the time appellant brought the present action the will had been admitted to probate in the District Court of Texas County, Oklahoma, and appellant had elected to take under the law of succession rather than under the will.

Plaintiff seeks a judgment declaring that she is entitled to the note referred to in her husband's will as the surviving joint tenant, and to the payments made on the note since the death of her husband.

The trial court held that a contract was created by the will and the consent as determined by the law of Kansas, and if contractual and valid there it is deemed so everywhere. The court thus decided that the joint tenancy had been terminated prior to the death of Walter M. Anderson, and further under the contract the note passed under the provisions of decedent's will.

■ At the outset it is necessary, in view of the context in which the consent signed by the plaintiff appears, to decide whether this suit interferes with the probate of the estate of Walter M. Anderson in the Oklahoma state court, or whether it is an independent proceeding under Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664. We have considered the Supreme Court opinion upon several occasions, including Porter v. Bennison, 180 F.2d 523 (10th Cir.); Ferguson v. Patterson, 191 F.2d 584 (10th Cir.); Rice v. Sayers, 198 F.2d 724 (10th Cir.); and Ledbetter v. Taylor, 359 F.2d 760 (10th Cir.). The parties here are not asking that the will of Walter M. Anderson be construed as a testamentary instrument. See Cosby v. Shackelford, 408 F.2d 1144 (10th Cir.). The proceedings seek, as the trial court said, to have the court determine whether the joint tenancy in the note was terminated during the lifetime of the decedent. The action was thus properly brought in the federal court.

The record shows that the situs of the note was in Oklahoma at the time this action began. The decedent was a resident of Oklahoma at all pertinent times. The last payment on the note was directed by the makers to the decedent at Turpin, Oklahoma. There is nothing in the record to show that the situs of the note at any time pertinent to our purposes was anywhere other than in Oklahoma.

The acts which were taken by the decedent and his wife relative to the note, and which it is asserted terminated the joint tenancy in the note, took place in Kansas. The will and the consent were there executed where decedent and his wife were then living. These acts of the two should be first examined not so much as contractual or testamentary in nature, but as to whether they serve to demonstrate as acts of the tenants an intention to end the joint tenancy. The parties and the trial court have considered the note payable to the Andersons "as joint tenants" as creating a joint tenancy in personalty with the same consequences as a joint tenancy in real estate. Since the case reaches us upon this assumption, we will also so treat it.

■ Under the prevailing law of Oklahoma, and in most jurisdictions, a joint tenancy in real property may be ended by the tenants or one of them performing an act which clearly shows an intention to terminate the tenancy. This action was commenced in Oklahoma, there is nothing to show the situs of the note to be other than in Oklahoma, and in our opinion the law of Oklahoma must be applied. Considering the matter as concerning "acts" of the husband and wife, it appears that the place where they were performed is of little significance on the choice of law problem.

■ The Oklahoma court in Shackelton v. Sherrard, 385 P.2d 898 (Okl.), held that a joint tenancy in real property could be ended by an "act" inconsistent with its continued existence. In this cited case the act was a conveyance by a joint tenant of his one-half interest to a third party by the execution and delivery of a deed. Such an act is universally recognized as one which will sever the tenancy. The execution of the will by Walter M. Anderson did not under Oklahoma law end the tenancy. Littlefield v. Roberts, 448 P.2d 851 (Okl.). In Coffey v. Price, 380 P.2d 537 (Okl.), the Oklahoma court considered whether the act there concerned resulted in the severance of the joint tenancy in real property. The parties had there executed a joint will, and the court held that the wife had not thereby renounced her interest as a joint tenant. If such a joint

will does not end the tenancy it would appear that the will and consent in the case before us would not under Oklahoma law end the tenancy.

 It is obviously difficult to consider the "acts" of the persons here concerned separate and apart from the validity or effectiveness of the will and the consent as contractual or testamentary instruments. Under Oklahoma statutory provisions, 84 Okl.St.Ann. § 44, as construed in Simmons v. Richards, 441 P.2d 378 (Okl.), the will and the consent would not be enforceable in Oklahoma if they limited the amount the widow would receive thereunder to an amount less than provided for her under the statutes governing intestate succession, and this they did. Thus the instruments would not be effective to achieve their intended purpose in Oklahoma, no matter where executed, and whether contractual or not. The parties executing the will and the consent could not thereby achieve their intended purpose when the estate was administered in Oklahoma, as it had to be in view of decedent's residence. The purpose of the will and consent as directed to the note was contrary to Oklahoma statutes and the intention of the parties could not be carried out.

The "consent of wife" clause in testator's will signed by the appellant may be valid and binding in Kansas, Hoch v. Hoch, 187 Kan. 730, 359 P.2d 839; In re Cooper's Estate, 195 Kan. 174, 403 P.2d 984, but it is not valid in Oklahoma. Sitting as an Oklahoma state court, the United States District Court for the Western District of Oklahoma is bound to apply the same law as would any other Oklahoma court. As already stated the Oklahoma law invalidates an attempt by husband and wife to limit by will the amount which the surviving spouse shall receive to less than that which such a spouse would be entitled to take under the law of intestate succession. Moreover, absent this Oklahoma law, it is probable that an Oklahoma court would find that this "contract" was to be performed in Oklahoma, thus providing a second reason for applying Oklahoma law to the question of the contract's validity. See Harrison v. City National Bank of Clinton, Iowa, 210 F.Supp. 362 (1962, S.D.Iowa).

Thus it must be concluded and held that the joint tenancy in the note was not destroyed prior to the death of Walter M. Anderson by the execution of his will or by the consent thereto given by his wife or by the combination thereof.

Reversed.