**Ken BISEL, Plaintiff,**

v.

**MATCO TOOLS, Defendant.**

**Civ. A. No. 87–4329–O.**

United States District Court, D. Kansas.

June 8, 1989.

Charles T. Engel and Edward L. Bailey, Cosgrove, Webb & Oman, Topeka, Kan., for plaintiff.

W. John Badke, Ronald W. Fairchild and Gregory F. Maher, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for summary judgment and plaintiff's cross-motion for partial summary judgment on the breach of contract claim. The relevant facts, contained in the parties' briefs, are largely undisputed and may be briefly summarized. Plaintiff is a distributor of defendant-manufacturer's tools. Under the terms of a contract between the parties, plaintiff was appointed a "nonexclusive distributor for [an] area of primary responsibility." Defendant's Memorandum Brief in Support of Summary Judgment, Exhibit A. Plaintiff's territory was a portion of Topeka, Kansas, and included the Goodyear Tire & Rubber Company ("Goodyear") plant in that city. Over a period of several years, plaintiff solicited and obtained sales of defendant's tools to Goodyear. For reasons not relevant to the disposition of these motions, representatives of the Topeka Goodyear plant approached defendant about purchasing tools directly, at prices lower than those available from plaintiff. Defendant agreed to such an arrangement and began selling directly to Goodyear, thereby eliminating the latter's need for plaintiff's services. Plaintiff brings this action alleging that defendant breached the distributorship agreement, violated the Robinson–Patman Act (15 U.S.C. §§ 13 *et seq.*, "the Act"), and made fraudulent misrepresentations to plaintiff.

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## I. Breach of Contract[1]

Defendant moves for summary judgment on this claim alleging that, because plaintiff was granted only a "nonexclusive distributorship," defendant had no obligation to refrain from selling its tools directly to Goodyear. Moreover, defendant argues, its right to do so was clearly established by the term "nonexclusive distributor," so that it cannot be held to have violated its implied obligation of good faith and fair dealing under the contract. Plaintiff responds by moving for partial summary judgment on this claim, asserting that the term "nonexclusive distributorship" merely denoted the fact that defendant could appoint other distributors over the same territory covered by plaintiff, not that defendant itself could sell directly to customers in plaintiff's territory. Because the contract itself is silent on the question of defendant's obligation to refrain from selling

directly, plaintiff contends, the court must infer the parties' intentions on this point from defendant's representations to plaintiff.

■ The parties do not cite, and the court has been unable to discover, authority recognizing the term "nonexclusive distributor" as unambiguously conferring upon contracting parties specific rights and responsibilities. Thus, the court concludes that that term, as used in this distributorship agreement, is ambiguous. Under Ohio law, such ambiguity raises a question of fact. *Inland Refuse Transfer Co. v. Browning–Ferris Indus. of Ohio*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). Neither party has presented sufficient evidence for the court to hold, as a matter of law, that either of the proffered understandings is correct.[2]

■ Plaintiff's motion must also fail as to defendant's alleged breach of good faith performance under the contract. That duty arises only in connection with a contractual obligation. *See, e.g., Eckstein v. Cummins*, 41 Ohio App.2d 1, 321 N.E.2d 897 (1974). Because we hold that the contract is unclear as to the existence of any obligation to refrain from selling directly to plaintiff's customers, it follows that we may not find, as a matter of law, that defendant breached its duty to perform that alleged obligation in good faith. Accordingly, summary judgment on this claim is inappropriate.

## II. Robinson–Patman Claim

■ Defendant urges summary judgment on this claim, asserting that it did not engage in "competition" with plaintiff, within the meaning of the Act. As the court noted in *Conoco Inc. v. Inman Oil, Inc.*, 774 F.2d 895 (8th Cir.1985):

A Robinson–Patman violation consists essentially of two elements: (1) price discrimination, and (2) the requisite injury

---

1. The distributorship agreement provides that it will be governed by the laws of Ohio. Accordingly, we must look to the laws of that state in interpreting the contract.

2. Viewing the facts in the light most favorable to the defendant, it is clear that plaintiff's evidence that selling directly to customers was against defendant's "philosophy" is insufficient to establish a contractual obligation to refrain from so selling.

to competition as a result. "Price discrimination" within the meaning of the statute is nothing more than a difference in price between items of like grade and quality.

*Id.* at 901 (citations omitted).[3] In the case at bar, there is no question that defendant sold identical items to Goodyear at lower prices than were available through plaintiff. The question, therefore, is whether the second element referred to in *Conoco* has been met. Again, that case is instructive:

> To amount to a violation, the [price] discrimination must be shown to have caused the requisite injury to competition. The statute is concerned with the protection of competition on three levels: (1) competition with the seller who granted the discriminatory prices (primary line); (2) competition with the seller's purchaser who received the favorable lower price (secondary line); and (3) competition with a customer of the favored purchaser (tertiary line).

\* \* \* \* \* \*

Inman Oil asserts here that the existence of primary line competition between it and Conoco was proven by the fact that St. Joe, the favored purchaser, was previously a customer of Inman Oil, the disfavored purchaser. We think, however, that this fact simply illustrates the precarious position of the "middleman" in our system of market distribution. So long as it is profitable for the supplier of a product to utilize a distributor, business opportunities exist for those companies that wish to pursue them. It strains credulity, however, to suggest that the Robinson–Patman Act was intended to force a supplier to "support" a distributor's business even when it becomes unprofitable to do so. We are not persuaded by the rationale of the *Guyott* decision, and we find no other authority to support such a proposition. We hold that, for purposes of the Robinson–Patman Act, the distributor in this case was not in primary line competition with its supplier.

*Id.* at 904 (citations omitted). We find the analysis of the *Conoco* case persuasive and sound. Accordingly, we likewise hold that there was no competition between plaintiff and defendant and, therefore, no violation of the Act. In so holding, we too decline to follow the decision of *Guyott Co. v. Texaco, Inc.*, 261 F.Supp. 942 (D.Conn.1966) (holding supplier may "compete" with distributor within the meaning of the Act).

*III.   Fraudulent Misrepresentation*

To prevail on a claim of fraud, plaintiff's evidence must be clear and convincing. *Hoch v. Hoch*, 187 Kan. 730, 359 P.2d 839 (1961). In the context of defendant's motion for summary judgment, therefore, plaintiff must bring forth specific facts which a reasonable jury could find clearly and convincingly established each of five elements:

> Actionable fraud includes [1] an untrue statement of fact, [2] known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth, [3] where another party justifiably relies on the statement and [4] acts to his injury and [5] damage.

*Nordstrom v. Miller*, 227 Kan. 59, 605 P.2d 545 (1980) (citations omitted).

Plaintiff's claim of fraudulent misrepresentation is premised upon an alleged duty defendant owed to him to inform him of defendant's direct sales to Goodyear. Even assuming that such a duty did exist and that defendant's breach thereof constituted a fraudulent misrepresentation, plaintiff fails to show the court how he relied to his detriment upon defendant's inaction. That is, plaintiff has not shown what he would have done differently if he had known of the arrangement between defendant and Goodyear. In the absence of specific facts to support an inference in plaintiff's favor on this element, defendant is entitled to summary judgment. In the absence of any underlying tort, moreover, plaintiff's prayer for punitive damages

---

**3.** In the *Conoco* case, plaintiff Inman Oil Co., Inc., was a distributor for defendant-supplier Conoco Inc., who began selling directly to St. Joe Minerals Corp., one of Inman's clients.

**320**

must also fail. *Equitable Life Leasing Corp. v. Abbick,* 243 Kan. 513, 757 P.2d 304 (1988).

IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the breach of contract claim is denied, but is granted in all other respects.